UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
BOSTON DIVISION

CIVIL ACTION NO. 05 10706 rcl

GARDEN CITY BOXING CLUB, INC.
as Broadcast Licensee of the May 3, 2003
DelaHoya/Campas, Program
Plaintiff

v.

THADDEUS PELEZAR a/k/a TEDDY
PELSER, Individually, and as officer,
Director, shareholder and/or principal
of BERKELEY SOCIAL CLUB, INC.
d/b/a BERKELEY SOCIAL CLUB, and
BERKELEY SOCIAL CLUB, INC. d/b/a
BERKELEY SOCIAL CLUB
Defendants

## ANSWER OF THE DEFENDANT, BERKELEY SOCIAL CLUB, INC.

The Defendant, Berkeley Social Club, Inc., hereby makes the following Answer to the Plaintiff's Complaint:

### JURISDICTION AND VENUE

1.  The averments contained in Paragraph 1 of the Complaint do not require a response from the Defendant.

2.  The averments contained in Paragraph 2 of the Complaint do not require a response from the Defendant.

3.  Admitted, insofar as the Defendant, Berkeley Social Club, Inc., is organized under the laws of the Commonwealth of Massachusetts, and maintains a principal place of business in the Commonwealth of Massachusetts.

4.  Denied, insofar as the allegations that the Defendant, Berkeley Social Club, Inc., committed any wrongful acts in violation of the Plaintiff's rights, including the interception or tortuous conversion of property of the Plaintiff within the control of the Plaintiff in the Commonwealth of Massachusetts.

## PARTIES

5. The Defendant Berkeley Social Club is without sufficient information to either admit or deny the averments contained within Paragraph 5 of the Complaint.

6. The Defendant Berkeley Social Club is without sufficient information to either admit or deny the averments contained within Paragraph 6 of the Complaint.

7. Admitted, insofar as the Defendant, Berkeley Social Club, Inc., is a business having its place of business at 41 Pleasant Street, Lawrence, MA 01841.

8. Admitted.

9. Denied.

10. Denied.

## COUNT I

11. The Defendant, Berkeley Social Club, Inc., restates and reavers by reference all of the statements made in Paragraphs 1-10, above, as if fully stated herein.

12. The Defendant Berkeley Social Club is without sufficient information to either admit or deny the averments contained within Paragraph 12 of the Complaint.

13. The Defendant Berkeley Social Club is without sufficient information to either admit or deny the averments contained within Paragraph 13 of the Complaint.

14. The Defendant Berkeley Social Club is without sufficient information to either admit or deny the averments contained within Paragraph 14 of the Complaint.

15. Denied.

16. Denied.

17. The Defendant Berkeley Social Club is without sufficient information to either admit or deny the averments contained within Paragraph 17 of the Complaint.

18. Denied.

19. The Defendant Berkeley Social Club is without sufficient information to either admit or deny the averments contained within Paragraph 19 of the Complaint.

20. Denied.

21. Denied.

## COUNT II

22. The Defendant, Berkeley Social Club, Inc., restates and reavers by reference all of the statements made in Paragraphs 1-21, above, as if fully stated herein.

23. Denied.

24. Admitted, insofar as to the averments that state the prohibitions described in 47 U.S.C. sec. 605(e)(4). Denied as to the remaining averments.

25. Denied.

26. Denied.

27. Denied.

## COUNT III

28. The Defendant, Berkeley Social Club, Inc., restates and reavers by reference all of the statements made in Paragraphs 1-27, above, as if fully stated herein.

29. Denied.

30. The Defendant Berkeley Social Club is without sufficient information to either admit or deny the averments contained within Paragraph 30 of the Complaint.

31. Denied.

32. Denied.

33. Denied.

## AFFIRMATIVE DEFENSES

In further answer to the Plaintiff's Complaint, the Defendant asserts the following affirmative defenses:

### FIRST DEFENSE

The Defendant says that the Plaintiff's Complaint fails to set forth facts constituting a cause of action and therefore cannot recover.

## SECOND DEFENSE

The Defendant says that the action of the Plaintiff is barred by the applicable statute of limitations.

## THIRD DEFENSE

The claims arising out of the subject matter of the transactions and occurrences alleged are barred by an absence of legal responsibility on the part of the Defendant.

## FOURTH DEFENSE

The Defendant says that there has been insufficiency of process by the Plaintiff.

## FIFTH DEFENSE

The Defendant says that there has been insufficiency of service of process by the Plaintiff.

## SIXTH DEFENSE

The Plaintiff is barred from recovery under the doctrine of laches.

## SEVENTH DEFENSE

The Plaintiff's fraud and other inequitable conduct amount to unclean hands, which bars it from the relief sought.

## EIGHTH DEFENSE

The defendant states that the plaintiff is not entitled to recover in this action due to promissory estoppel.

## NINTH DEFENSE

The defendant states that the plaintiff, by its conduct and actions and/or the conduct and actions of its agents and servants, are estopped to recover any judgment against the defendant.

**WHEREFORE**, the Defendant, Berkeley Social Club, Inc., demands that the complaint be dismissed and judgment enter in favor of the Defendant, with the costs of this action, or such other and further relief as the Court deems just and appropriate.

The Defendant, Berkeley Social Club, Inc., demands a Trial by Jury in this action.

Respectfully submitted,
Berkeley Social Club, Inc.
by its attorney,

_____
James M. Bowers, Esq.
Law Offices of James M. Bowers
261 Common Street
Lawrence, MA 01840
(978) 686-8262
MA BBO#558759

Dated: May 13, 2005

## CERTIFICATE OF SERVICE

I, James M. Bowers, Esq., hereby certify that I have served a copy of the within **Answer of the Defendant, Berkeley Social Club, Inc.,** via first-class mail, postage prepaid, and facsimile, to:

Wayne Lonstein, Esq.
Lonstein Law Office, P.C.
One Terrace Hill
P.O. Box 351
Ellenville, NY 12428

Signed under the pains and penalties of perjury this 13th day of May, 2005.

*/s/ James M. Bowers*
James M. Bowers, Esquire.